UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aquahlauah Phoebe Ruby Clark,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO. CV 13-2325-AS<br><br>**ORDER OF DISMISSAL** |

  Plaintiff filed this social security action on December 23, 2013 (Docket Entry No. 3). Thereafter, the parties consented to proceed before a United States Magistrate Judge (Docket Entry Nos. 9-10). Defendant filed an Answer to the Complaint and the Certified Administrative Record on May 22, 2014 (Docket Entry Nos. 13-14). On July 25, 2014, the Court granted Plaintiff's counsel's motion to to withdraw as attorney of record after Plaintiff failed to file any objections to her attorney's motion, and directed Plaintiff's counsel to notify Plaintiff of the Court's Order, return the file materials to Plaintiff, and submit a declaration attesting to the transmittal of the records (Docket Entry No. 19). On July 31, 2014, Counsel submitted a declaration in compliance with the

Court's Order (Docket Entry No. 20). The Court's July 25, 2014 Order also afforded Plaintiff an opportunity to retain other counsel in this matter or notify the Court of her intention to proceed *in pro per*, no later than September 29, 2014, and ordered Plaintiff to file a motion for summary judgment no later than November 28, 2014 (Docket Entry No. 19). Plaintiff failed to file any response to the Court's Order.

On December 5, 2014, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order (Docket Entry No. 21). The Court observed that Plaintiff's motion for summary judgment was overdue and directed Plaintiff to file - no later than December 22, 2014 - a motion for summary judgment or a remand. Id. The Court cautioned that "[f]ailure to satisfactorily respond to this Order will result in an Order dismissing this action." Id. On December 22, 2014, the Court was informed that its Order to Show Cause could not be delivered to Plaintiff. (Docket Entry No. 22). On December 29, 2014, the Court issued a Minute Order directing Plaintiff to provide the Court with her current address within ten (10) days (Docket Entry No. 23). On January 22, 2015, this Order was also returned to the Court as undelivered mail (Docket Entry No. 24).

In view of the circumstances discussed above, this action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders to file a timely motion for summary judgment or remand. See Link v. Wabash, R.R., 370 U.S. 626, 629-30 (1952) (court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure

to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (court may dismiss action for failure to comply with a court order, after the court considers the appropriate factors);[1] see also Fed. R. Civ. P. 41(b).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

    DATED: February 23, 2015.

/S/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has considered the appropriate factors recited in Ferdik v. Bonzelet and has concluded that dismissal without prejudice is appropriate. In particular, any less drastic alternative would not be effective under the circumstances of this case.

3